# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BERRYON F. MOORE, III,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:17-cv-941
Crim. No. 2:13-cr-289
Judge George C. Smith
Magistrate Judge Deavers

## OPINION AND ORDER

On June 12, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 313) be denied and that this action be dismissed. (ECF No. 330.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 331.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 331) is **OVERRULED**. The *Report and Recommendation* (ECF No. 330) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim of the denial of the effective assistance of counsel as without merit. He again argues that the government breached the terms of his *Plea Agreement* by endorsing the probation officer's assessment of a four level increase in Petitioner's recommended sentence under the advisory United States Sentencing Guidelines based on his participation as a leader or organizer of the offense under the provision of U.S.S.G. § 3B1.1(a). (*See PreSentence Investigation Report*, ¶¶ 42, 43.) According to the Petitioner, because the *Plea Agreement* contained specific guideline

recommendations, he reasonably understood it to preclude the government from endorsing the application of any other sentencing enhancements not included in the *Plea Agreement,* and any "ambiguity" therein should be construed in his favor. Referring to *United States v. Barnes*, 278 F.3d 644, 647 (6th Cir. 2002), and *Hughes v. United States*, -- U.S. --, 2018 WL 2465187 (June 4, 2018),[1] Petitioner also argues that he has established prejudice, because the prosecution's breach of the terms of the *Plea Agreement* constitutes reversible error, and the recommended guideline sentence necessarily impacts imposition of a federal sentence, even where, as here, the Court imposes a term that is well below the recommended guideline range.

These arguments are not persuasive. The plain and unambiguous terms of the *Plea Agreement* do not prohibit the application of any additional sentencing enhancements under the advisory United States Sentencing Guidelines, or suggest that the government would not advocate for application of any such enhancements. The record does not support Petitioner's claim that the government breached the terms of the *Plea Agreement*. Moreover, Petitioner must establish prejudice, as that term is defined in *Strickland v. Washington*, 466 U.S. 668 (1984), in order to prevail on a claim of the denial of the effective assistance of counsel. He has failed to do so here. Petitioner obtained a sentence well below that recommended under the advisory sentencing guidelines, and one that, in effect, did not take into account the four-level increase based on his leadership role in the offense.

For these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation,* Petitioner's *Objection* (ECF No. 331) is **OVERRULED**. The *Report and Recommendation* (ECF No. 330) is **ADOPTED** and **AFFIRMED**. The *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 313) is **DISMISSED**.

---

[1] In *Hughes*, the Supreme Court held that a criminal defendant who pleads guilty under a "Type-C" plea agreement containing an agreed-upon sentence is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on retroactive application of amendment to the sentencing guidelines lowering his recommended guideline sentence.

Pursuant to Rule 11 of the Rules governing Section 2255 Proceedings, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --, --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

Where, as here, a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). The Court is not persuaded that Petitioner has met this standard here. Therefore, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                     *\s\ George C. Smith*
                                                   **GEORGE C. SMITH**
                                                   **United States District Judge**